# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOHN ZINKEL**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17 C 1227 |
| **VICKY PIPER**, an individual, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Very early last Thursday (February 16) this Court engaged in its invariant practice of reviewing, through its iPhone, the preceding day's ECF and e-mail activity. In part that review revealed the preceding day's filing of a Notice of Removal of a Civil Action ("Notice") by Loyola University Health System ("Loyola") and three of its executives -- a Notice that transferred to this District Court an action brought against them by John Zinkel ("Zinkel") in the Circuit Court of Cook County. When the first page of the Notice (Dkt. No. 1) was brought up on the screen for reading, it disclosed that if this Court's staff had been required to generate a paper copy of the electronically filed Notice and its Exhibits A through G (a responsibility that this District Court's LR 5.2(f) imposes on the counsel for the party filing any such document), the copy would have run fully 60 pages.

Because defense counsel had quite understandably not yet discharged their responsibility of providing this Court with a courtesy copy of that lengthy filing, its law clerk communicated with counsel to request such a delivery, and counsel did so the very next day. This sua sponte memorandum opinion and order has been prompted by an obvious problem posed by the Notice.

As stated earlier, Zinkel initiated his lawsuit in the state court system, advancing only state law claims -- two counts asserting an intentional infliction of emotional distress and one count charging tortious interference with a business relationship or expectancy. When defendants filed a motion to dismiss all three of those counts on December 30, 2016, Zinkel's counsel advised the state court judge at the motion hearing a week later that Zinkel intended to file an Amended Complaint. That resulted in an order granting Zinkel's counsel until January 18 to file such an Amended Complaint, while entering and continuing the motion to dismiss until February 3 and setting the matter for status on the latter date.

On January 17 Zinkel's counsel filed such an Amended Complaint, which advanced for the first time three counts invoking federal statutory claims against Loyola: Count IV charging discrimination in violation of Title VII of the Civil Rights Act of 1964, Count V charging discrimination in violation of the Age Discrimination in Employment Act and Count VI charging a violation of the Americans With Disabilities Act. Those three counts found their gravamen in the same serious misconduct that had been and continued to be charged in the state law counts -- asserted misconduct that had eventuated in the allegedly wrongful termination of Zinkel's 33 years of employment with Loyola (most recently as its Director of Respiratory Care). In light of that expansion of Zinkel's claims, at the February 3 status hearing the state court judge continued the motion to dismiss to March 3.

This opinion expresses no views as to the substantive merits of Zinkel's claims of wrongful conduct on defendants' part, something that need not be addressed under the circumstances posed here. What controls instead is how extraordinarily ill-conceived the defense counsel's removal tactic has revealed itself to be. Anyone with even the slightest modicum of know-how about, to say nothing of experience with, the three federal statutes sought

to be brought into play in Zinkel's Amended Complaint has to know about the precondition to suit that all such claims share: the need for a prospective plaintiff to have turned first to the EEOC for possible relief <u>before</u> bringing suit, coupled with the subsequent need to have obtained an EEOC right-to-sue letter <u>before</u> filing any court action.

Thus it would have been the easiest thing in the world for defense counsel to file a slam dunk motion to dismiss the three purported -- but fatally flawed -- federal-question counts on or before the next scheduled March 3 hearing date before the Circuit Court. That done, the action could then go forward in that court on the basis of defendants' previously filed motion to dismiss Zinkel's state law claims. What defense counsel have done instead looks very much like unwarranted forum shopping, attempting to take advantage of not-yet-actionable federal claims that ought to vanish far more quickly than the grin on Lewis Carroll's Cheshire Cat.

In brief, those purported federal claims are totally lacking in the "plausibility" that is demanded of any federal claim by what this Court refers to as the <u>Twombly</u>-<u>Iqbal</u> canon. All three of those counts are therefore dismissed by this Court sua sponte. And with those counts out of the way, federal subject matter jurisdiction over the rest of the Amended Complaint is totally absent. Accordingly, as mandated by 28 U.S.C. § 1447(c), this action is remanded to its place of origin in the Circuit Court of Cook County so that the state court may proceed with the case. To that end the Clerk of this District Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

Two additional matters remain to be dealt with briefly. First, defense counsel are reminded that 28 U.S.C. § 1447(d) makes this Court's order of remand, based as it is on this Court's determination that federal subject matter jurisdiction is lacking, "not reviewable on appeal or otherwise." Second, counsel for both parties are ordered to appear at 9:15 a.m.

- 3 -

March 2, 2017 so that this Court can inquire into whether defense counsel's attempted removal of the action to this District Court, under the special circumstances of this case, comported with counsel's obligation under Fed. R. Civ. P. 11(b) to have acted in both objective and subjective good faith.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: February 21, 2017